# In the United States Court of Federal Claims

No. 19-1024

(Filed: January 23, 2020)

| | |
|---|---|
| ************************************* <br> * <br> EMERGENCY PLANNING * <br> MANAGEMENT INC., * <br> * <br> * <br> Plaintiff, * <br> * <br> v. * <br> * <br> THE UNITED STATES, * <br> * <br> Defendant. * <br> * <br> ************************************* | Motion for Stay Pending Appeal; RCFC 62; Factors to be Considered; Analysis of Likelihood of Success on the Merits; Irreparable Harm; Balance of Harms to Government; Effect on Public Interest. |

*Joshua Duvall*, Matross Edwards, LLC, Washington, D.C., with whom was *Edward DeLisle*, Offit Kurman, P.A., Plymouth Meeting, Pennsylvania, for Plaintiff.

*David R. Pehlke*, Trial Attorney, with whom were *Joseph H. Hunt*, Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, *Patricia M. McCarthy*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., and *Tracey Sasser*, Assistant General Counsel, U.S. Department of Education, Washington, D.C., for Defendant.

OPINION AND ORDER

WHEELER, Judge.

Plaintiff, Emergency Planning Management, Inc. ("EPM"), requests a stay pending its appeal of the Court's October 2, 2019 Judgment on the Administrative Record in favor of the Government. For the reasons explained below, the Court DENIES EPM's motion.

Background

The Court's October 2, 2019 judgment provides an in-depth history of the relevant facts. See Emergency Planning Mgmt. Inc. v. United States, 145 Fed. Cl. 77, 79-80 (2019). In summary, EPM brought a pre-award bid protest challenging a Department of Education ("ED") student loan servicing procurement ("Next Gen"). Id. at 80. EPM believes that Next Gen's "full life-cycle" structure, and the bundling it requires, will prevent EPM and other small businesses from competing for prime contracts. Id. at 79.

On July 16, 2019, counsel for EPM filed its Complaint and motions for a temporary restraining order and a preliminary injunction. Id. at 80. EPM claimed in its Complaint that ED's Next Gen Business Processing Operations ("BPO") solicitation was unlawful because: (1) it consolidated loan servicing and default collection without justification, thereby precluding small business participation; (2) it violated federal laws and Congressional policies regarding debt collectors; (3) it was arbitrary and capricious; and (4) ED failed to adhere to the notification requirements regarding the consolidation of services. Id. at 79. On July 23, 2019, after hearing arguments on the motions, the Court denied EPM's request for a temporary restraining order and preliminary injunction. Id. at 80.

After hearing oral arguments on the parties' cross-motions for judgment on the administrative record on September 26, 2019, the Court granted the Government's motion on October 2, 2019. Id. at 80. Counsel for EPM filed a notice of appeal with the Federal Circuit on November 27, 2019, and on January 2, 2020, filed a motion to stay the Court's judgment pursuant to Rule 62(d) of the Rules of the United States Court of Federal Claims ("RCFC") pending its appeal. Dkt. Nos. 31–32. The Government filed its response to the motion on January 16, 2020. Dkt. No. 33. This issue is now fully briefed and ready for decision.

Discussion

I.  Standard of Review

In assessing whether to stay its judgment pending an appeal to the Federal Circuit pursuant to RCFC 62(d)[1], the Court considers four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987). Each factor "need not be given equal weight." Standard Havens Prods., Inc. v. Gencor Indus., Inc., 897 F.2d 511, 512 (Fed. Cir. 1990). However, a court may lower the threshold from "a strong showing"

---

[1] The provision referenced in case law as Rule 62(c) is now Rule 62(d).

of success on the merits to a "*substantial case* on the merits" when the question raised is novel or harm to the applicant is great enough "*provided* the other factors militate in movant's favor." Standard Havens Prod., Inc. v. Gencor Indus., Inc., 897 F.2d 511, 513 (Fed. Cir. 1990) (emphasis in original); see also Acrow Corp. of Am. v. United States, 97 Fed. Cl. 182, 184–85 (2011).

Granting a stay is an "extraordinary remedy," Axiom Res. Mgmt., Inc. v. United States, 82 Fed. Cl. 522, 524 (2008), requiring the moving party to put forth "more than base suppositions of disapproval from a party dissatisfied with the holding for a judicial tribunal." Minor Metals v. United States, 38 Fed. Cl. 379, 381 (1997); see also Acrow Corp. of Am., 97 Fed. Cl. at 183.

II.     A Stay Is Not Warranted In this Case

As discussed in greater detail below, EPM has failed to make a strong showing that it is likely to succeed on the merits of its appeal, it will not be irreparably injured absent a stay, issuing the stay could substantially harm the Government, and allowing the judgment to go into effect serves the public interest. Accordingly, EPM's motion for a stay pending appeal must be DENIED.

A.      Chances for Success on Appeal

EPM does not argue that it is likely to succeed on the merits. Rather, EPM contends that it is entitled to this extraordinary relief because its appeal presents "substantial issues of first impression." Dkt. No. 32 at 4. The Government counters that EPM has not demonstrated a substantial case on the merits or that the equities weigh heavily in its favor. Dkt. No. 33 at 4.

EPM is unlikely to succeed on its appeal to the Federal Circuit. In fact, EPM's motion largely recites its arguments that were previously unsuccessful before this Court. As outlined in the Court's October 2, 2019 opinion, EPM's claims are not supported by the administrative record. See, e.g., Emergency Planning Mgmt., 145 Fed. Cl. at 82 (citing Dkt. No. 22 at 11; AR 534–50). Contrary to EPM's assertion, EPM does not even put forth a substantial case on the merits. See id. at 84; L.E.A. Dynatech, Inc. v. Allina, Nos. 93-1353, 94-1290, 1994 WL 732001, at *2 (Fed. Cir. Aug. 16, 1994); E.I. DuPont de Nemours & Co. v. Phillips Petroleum Co., 835 F.2d 277, 278 (Fed. Cir. 1987); Interactive Health, LLC v. King Kong USA, Inc., Nos. 2009-1141, 2009-1155, 2009 WL 1228489, at *1 (Fed. Cir. May 1, 2009).

In E.I. DuPont, Phillips Petroleum Company sought a stay pending its appeal of a district court decision upholding the validity of a patent held by E.I. DuPont de Nemours & Company. E.I. DuPont, 835 F.2d at 277-78. There, the Court found a substantial case

on the merits because a Patent and Trademark Office Examiner had previously found the same patent invalid. See E.I. DuPont, 835 F.2d at 278. Unlike in E.I. DuPont, where a complex question led to disagreement between adjudicators, here, the legal issues raised by EPM are clear-cut. See E.I. DuPont, 835 F.2d at 278; Emergency Planning Mgmt., 145 Fed. Cl. at 81–84.

Alternatively, EPM argues that it raises issues of first impression because the agency engaged in a "wholesale departure from the mandatory procedural requirements to justify bundling" and the Federal Circuit "has yet to fully examine the mandatory nature of the bundling procedures specifically set forth in FAR Part 7." Dkt. No. 32 at 4–6. The Government responds that EPM's attempt at classifying this as a novel issue "falls flat" and points to the Court's application of the "very familiar rational basis standard." Dkt. No. 33 at 4.

EPM does not raise issues with the Court's opinion that are so novel as to warrant the extraordinary remedy of injunctive relief pending appeal. As discussed in the October 2, 2019 opinion, ED followed and documented its compliance with the appropriate statutory and regulatory frameworks. See Emergency Planning Mgmt.,145 Fed. Cl. at 84. Moreover, the Federal Circuit has found a bundling procurement valid, despite anti-bundling provisions, when the contracting agency "conducted extensive market research before determining that consolidation of the procurement requirements was necessary and justified." See Tyler Constr. Grp. v. United States, 570 F.3d 1329, 1335 (Fed. Cir. 2009) (internal quotation and citations omitted). ED did exactly that when it conducted market research and consulted subject matter experts to identify "best-in-class collections practices." See Emergency Planning Mgmt.,145 Fed. Cl. at 81 (citing Dkt. No. 25 at 6; AR 525–30). For these reasons, EPM has failed to show that it has a substantial case on the merits.

### B.     Irreparable Harm to the Plaintiff

EPM insists that the Government will not be harmed, but that EPM will suffer irreparable harm without an injunction because of its lost opportunity to compete as a prime contractor. Dkt. No. 32 at 12–13. However, EPM's argument is unpersuasive. It provides no additional facts and instead relies on the same arguments that the Court already found unpersuasive. The loss of a contract is not enough without more to show irreparable harm or warrant a stay pending appeal. See Akima Intra-Data, LLC v. United States, 120 Fed. Cl. 25, 28 (2015) (citing CRAssociates, Inc. v. United States, 103 Fed. Cl. 23, 26 (2012)). Therefore, EPM has not demonstrated irreparable harm.

### C.     Substantial Injury to Other Parties

EPM contends that a failure to grant its motion would prevent it and other Private Collection Agencies from "participating as prime contractors in Federal student loan debt

collections in *perpetuity*." Dkt. No. 32 at 8–9 (emphasis in original). It will not. As the Court previously noted, nothing prevents EPM from competing through a teaming arrangement or as a subcontractor. See Emergency Planning Mgmt., 145 Fed. Cl. at 84. Moreover, even if the Court had ruled in EPM's favor, EPM would not necessarily receive a Next Gen solicitation award. Id.

Conversely, granting the motion for a stay pending resolution of EPM's appeal could substantially injure the Government. The Next Gen procurement process has proceeded and staying the Court's judgment now would interfere unnecessarily with the progress of ED's congressionally mandated cradle-to-grave servicing goal. See Dkt. No. 33 at 2. As a result, the balance of harms weighs in favor of denying EPM's stay pending appeal.

### D. Public Interest

EPM advocates that the "public interest is served by, 'fostering increased small business participation,' in Federal procurement." Dkt. No. 32 at 15 (quoting Weeks Marine, Inc. v. United States, 79 Fed. Cl. 22, 37 (2007)). In response, the Government argues that any further delay would harm not only it, but also the public. Dkt. No. 33 at 8. According to the Government, student debt is a "national crisis" which Congress is attempting to rectify through programs such as Next Gen. Id.

The Court previously concluded that ED did not act irrationally in consolidating the solicitations. While EPM is correct that promoting small businesses serves the public interest, ED did so when it consulted with the Small Business Administration and asked offerors to reserve 32 percent of subcontracted work for small businesses. See Emergency Planning Mgmt., 145 Fed. Cl. at 83. Thus, allowing a lawfully conducted procurement to continue serves the public interest and the interests of the student borrowers Next Gen will serve.

### Conclusion

EPM has not shown that it is entitled to the extraordinary remedy of a stay of the Court's judgment pending appeal. For the reasons stated above, the Court DENIES EPM's motion for a stay pending the resolution of its appeal.

IT IS SO ORDERED.

s/ Thomas C. Wheeler<br>
THOMAS C. WHEELER<br>
Judge